NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALEWOOD HOLDING LLC, a California limited liability company; JANE SUN MANKAM, | No. 19-56453 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-01212-SVW-GJS |
| v. | MEMORANDUM[*] |
| CITY OF BALDWIN PARK; DOES, 1 through 10 inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 15, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.
Partial Concurrence and Partial Dissent by Judge STEELE

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Dalewood Holdings LLC (Dalewood) challenges the district court's grant of the City of Baldwin Park's (City) motion to dismiss Dalewood's first amended complaint. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in dismissing Dalewood's Fourth Amendment claims. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Two types of expectations are protected: "one involving searches, the other seizures. A search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotation marks and footnotes omitted).

Dalewood fails to state a Fourth Amendment search claim. Dalewood's complaint alleges that "[t]he City, by and through its code enforcement officials[,] have [sic] continuously come onto the property, without an administratuve [sic] warrant or consent of [Dalewood], and entered areas not open to the public, in order to investigate and search the property." This single, conclusory allegation is

2

insufficient to survive a motion to dismiss—it does not allege how the search was conducted or what specific area of the property was searched. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell v. Wolfish*, 441 U.S. 520, 559 (1979) ("Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.").

Dalewood's Fourth Amendment seizure claim fares no better. Dalewood does not allege that any seizure of property ever occurred. It alleges only that the City "continues to threaten to seize illegally the property and remove the buildings on it." This "threat" does not amount to "meaningful interference with [Dalewood's] possessory interest in [the] property." *Jacobsen*, 466 U.S. at 113; *see also Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 535 (9th Cir. 2019). Dalewood remains in legal and physical possession of the property. Therefore, we affirm the district court's dismissal of Dalewood's Fourth Amendment search and seizure claims.

2. The district court did not err in dismissing Dalewood's takings claim. "The Takings Clause of the Fifth Amendment provides that private property shall not 'be taken for public use, without just compensation.'" *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942 (2017) (quoting U.S. Const. amend. V.). "[T]he Supreme Court has long acknowledged that if regulation goes too far it will be recognized as a

3

taking." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (internal quotation marks omitted). A regulatory takings claim analysis "turns in large part, albeit not exclusively, upon the magnitude of a regulation's economic impact and the degree to which it interferes with legitimate property interests." *Linge v. Chevron U.S.A Inc.*, 544 U.S. 528, 540 (2005).

Even assuming *arguendo* that Dalewood's regulatory takings claim is ripe, Dalewood's claim fails because Dalewood does not allege that the City's abatement resulted in a constitutionally significant diminution in the property's value. *See Colony Cove*, 888 F.3d at 451. Accordingly, we affirm the district court's dismissal of Dalewood's takings claim.

3. Finally, the district court did not err in dismissing Dalewood's procedural due process claim. "To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 984 (9th Cir. 2011) (internal quotation marks omitted) (alteration in original). Because Dalewood failed to allege an actual deprivation of property rights, we affirm the district court's dismissal of Dalewood's procedural due process claim.

**AFFIRMED.**

4

*Dalewood Holding LLC v. City of Baldwin Park*, No. 19-56453

STEELE, District Judge, concurring in part and dissenting in part:

FILED

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I concur in the decision as to each issue except the Fourth Amendment seizure claim, on which I respectfully dissent. The Fourth Amended Complaint alleges that the City gave plaintiff six months to complete needed repairs after a fire necessitated the closing of plaintiff's hotel. It also alleges that after initially granting necessary permits to make the repairs, the City imposed a six-month time limitation to complete the repairs, began refusing to issue needed permits, and voiced its preference that someone else develop a larger hotel on the property. Plaintiff's appeal of the City's order prohibiting plaintiff from continuing with its nonconforming use has been pending for many months without a hearing, and the City continues to threaten to seize the property and remove the building. In my view, the Fourth Amended Complaint contains sufficient factual allegations of conduct which plausibly constitutes a meaningful interference with plaintiff's possessory interest in the property, and therefore satisfies *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and its progeny. Therefore, I would reverse and remand for further proceedings as to the Fourth Amendment seizure claim only.